IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2001

## STATE OF TENNESSEE v. JOE L. PATRICK, SR.

**Appeal from the Circuit Court for Lauderdale County**
**No. 6130     Joe H. Walker, III, Judge**

-----

**No. W2000-02998-CCA-R3-CD  - Filed July 19, 2001**

-----

This is an appeal by the State of Tennessee as to whether the trial court erred in granting the Appellee/Defendant's motion to award program credits toward his release date from the Department of Corrections. After docketing of this case on May 8, 2001, for disposition of the State's appeal, the State filed a motion to consider post-judgment fact pursuant to Tennessee Rules of Appellate Procedures 14(a). After a review of the motion and the attached affidavit in support of the motion, we granted the State's motion. After a review of the entire record, and the motion for post-judgment of fact, we find that the Defendant has been released from the Department of Corrections and, thus, this appeal is dismissed.

**Tenn. R. App. P.3; Judgment of the Circuit Court is Affirmed.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. DAVID H. WELLES, J., not participating.

Julie K. Pillow, Somerville, Tennessee, for the appellee, Joe L. Patrick, Sr.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

The record reflects that the Defendant was sentenced to eight (8) years in the Department of Correction for the offense of aggravated sexual battery on February 26, 1996, by the trial court as a result of a jury verdict. The transcript of legal arguments in this cause indicates the Defendant was permitted to serve this sentence in the Lauderdale County Jail. On November 14, 2000, the Defendant filed a motion to be awarded program credits on service of jail time pursuant to Tennessee Code Annotated § 41-21-236, contending that while serving his sentence as a trustee in the Ripley Criminal Justice Complex, the Department of Correction denied him eighty (80) days of credit towards his sentence. At the conclusion of a hearing on the merits of the motion, the trial court

granted the Defendant's motion and ordered the Department of Correction to award the Defendant program credits toward his sentence. The State asserts that the trial court erred in granting the Defendant's motion, in that the validity of any sentence reduction credits must be addressed through the avenues of the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, *seq*.

Tennessee Rules of Appellate Procedures 14(a), provides that the Supreme Court, Court of Appeals, or the Court of Criminal Appeals, on its motion or on motion of a party, may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. The State would ask this Court to consider certain actions taken by the Department of Correction in awarding the Defendant 1,078 days of program and behavior credits received from the Lauderdale County Jail, thus, resulting in the expiration of the Defendant's sentence. The Defendant was released from custody on March 2, 2001. In support of the motion, the State filed the following affidavit:

## AFFIDAVIT

I, Jeannetta Kimbro, Sentence Analyst II, Sentence Information Services, Tennessee Department of Correction, Nashville, Tennessee, do hereby certify that the following information is true and correct as maintained in the Tennessee Department of Correction records of Joe Patrick, TDOC #259732.

Joe Patrick was sentenced out of Lauderdale County, Tennessee, on February 26, 1996, case #6310, ct2 Aggravated Sexual Battery for 8 years.

Mr. Patrick received a total of 1,078 days of Program and Behavior credits from Lauderdale County Jail as a matter of departmental policy (T.C.A. 41-21-236), unrelated to the order from the Circuit Court of Lauderdale County entered on November 14, 2000.

He expired his sentence and was released from Lauderdale County Jail on March 2, 2001.

Jeannetta Kimbro, Sentence Analyst II
Sentence Information Services

Sworn and subscribed to before me this
30th day of May, 2001.

Betty Delk, Notary at Large

In any event, the Defendant's sentence expired on March 2, 2001, at which time he was released from the custody of the Department of Correction. Accordingly, this case is moot. *See McIntyre v. Trauber*, 884 S.W.2d 134, 137 (Tenn. App. 1994) ("[a] case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party"). A case that is moot is no longer justiciable. *Id.* "Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal." *Id.*

Accordingly, the judgment of the trial court is affirmed.


L. TERRY LAFFERTY, SENIOR JUDGE